**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| RITE AID CORPORATION; et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | C.A. No. N19C-04-150 EMD CCLD |
| | ) | |
| ACE AMERICAN INSURANCE | ) | |
| COMPANY; et al., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |
| | ) | |

Submitted: October 12, 2020
Decided: October 13, 2020

**ORDER REFUSING TO CERTIFY CHUBB'S APPLICATION
FOR CERTIFICATION OF INTERLOCUTORY APPEAL**

This 13th day of October, 2020, upon consideration of Chubb's Application for

Certification to the Delaware Supreme Court (the "Application")[1] filed by Defendants ACE

American Insurance Company ("ACE), Illinois Union Insurance Company, ACE Property &

Casualty Insurance Company (i/p/a ACE Property & Casualty Company), Federal Insurance

Company (collectively, "Chubb") on October 2, 2020;[2] Rite Aid's Opposition to Chubb's

Application for Certification of an Interlocutory Appeal (the "Response") filed by Plaintiffs Rite

Aid Corporation, Rite Aid Hdqtrs. Corp., and Rite Aid of Maryland Inc. d/b/a Mid-Atlantic

Support Center (collectively, "Rite Aid") on October 12, 2020;[3] the Court's Opinion[4] dated

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meaning ascribed to them in the Opinion.
[2] D.I. No. 187.
[3] D.I. No. 189.
[4] D.I. No. 183.

September 22, 2020 (the "Opinion");[5] Supreme Court Rule 42 ("Rule 42"); and this civil action's entire record:

## INTRODUCTION

1.  This civil action relates to disputes over duties to defend and indemnify under existing insurance policies. Rite Aid has been sued in over 1,143 lawsuits (the "Opioid Lawsuits") by governmental entities, third-party payors of medical care, and individuals seeking damages for costs arising out of Rite Aid's distribution of opioids.[6] The Opioid Lawsuits allege that Rite Aid knowingly distributed opioids to its own local pharmacies, and separately allege that local Rite Aid pharmacies improperly dispensed prescription opioids to its customers, which contributed and perpetuated drug abuse, addiction and resulting injuries or death.[7] Rite Aid sought coverage for the Opioid Lawsuits under ACE policy XSL G27390900 (the "Policy") issued by ACE.[8] Chubb denied coverage under the Policy for any of Rite Aid's costs incurred in defending any of the Opioid Lawsuits.[9] In response, Rite Aid initiated this action on April 16, 2019.[10]

2.  Chubb has now applied, under Rule 42, for certification of Chubb's interlocutory appeal of the Court's decision granting Rite Aid's motion for summary judgment on the issue of the duty to defend Rite Aid under the Policy. Chubb contends that the Court improperly interpreted the terms of the Policy, the nature of the Opioid Lawsuits claims and applicable law.[11] Chubb claims that the Application meets the criteria listed in Rules 42(b)(i)[12] and

---

[5] *Rite Aid Corp. v. ACE American Ins. Co.*, 2020 WL 5640817 (Del. Super. Sept. 22, 2020).
[6] *Id.* at *1.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] App. at 4-12.
[12] *Id.* at 13-17.

42(b)(iii)(A), (G) and (H).[13]  Rite Aid opposes certification, arguing that the Opinion does not

decide a substantial issue of material importance[14] and satisfies none of the Rule 42(b)(iii)

factors.[15]

## APPLICABLE STANDARD

3.     Rule 42(b) dictates the standard for certifying an interlocutory appeal.  "No

interlocutory appeal will be certified by the trial court or accepted by this Court unless the order

of the trial court decides a substantial issue of material importance that merits appellate review

before a final judgment."[16]  In deciding whether to certify an interlocutory appeal, the trial court

must consider: (1) the eight factors listed in Rule 42(b)(iii);[17] (2) the most efficient and just

schedule to resolve the case; and (3) whether and why the likely benefits of interlocutory review

outweigh the probable costs, such that interlocutory review is in the interests of justice.[18]  "If the

balance [of these considerations] is uncertain, the trial court should refuse to certify the

interlocutory appeal."[19]

---

[13] *Id*. at 18-21.
[14] Res. at 9-13.
[15] *Id*. at 13-20.
[16] Del. Supr. Ct. R. 42(b)(i).
[17] Delaware Supreme Court Rule 42(b)(iii) provides that the trial court should consider whether:
> (A) The interlocutory order involves a question of law resolved for the first time in this State;
> (B) The decisions of the trial courts are conflicting upon the question of law;
> (C) The question of law relates to the constitutionality, construction, or application of a statute of this State, which has not been, but should be, settled by this Court in advance of an appeal from a final order;
> (D) The interlocutory order has sustained the controverted jurisdiction of the trial court;
> (E) The interlocutory order has reversed or set aside a prior decision of the trial court, a jury, or an administrative agency from which an appeal was taken to the trial court which had decided a significant issue and a review of the interlocutory order may terminate the litigation, substantially reduce further litigation, or otherwise serve considerations of justice;
> (F) The interlocutory order has vacated or opened a judgment of the trial court;
> (G) Review of the interlocutory order may terminate the litigation; or
> (H) Review of the interlocutory order may serve considerations of justice.  *See* Del. Supr. Ct. R. 42(b)(iii).
[18] *Id.*
[19] *Id.*

3

**DISCUSSION**

4.      Initially, the Court must determine if the Opinion "decides a substantial issue of material importance that merits appellate review before a final judgment."[20] The "substantial issue of material importance" prong of Rule 42 requires that the matter decided goes to the merits of the case.[21] Chubb, in form and essence, object to the Court's interpretation and application of the law to the language of the Policy as it relates to the claims asserted against Rite Aid in the Opioid Lawsuits.

5.      The Supreme Court has before refused to entertain interlocutory appeals of decisions in contract cases.[22] This is because "[a]s a general matter, issues of contract interpretation are not worthy of interlocutory appeal."[23] While the Court agrees that there are no Pennsylvania or Delaware reported decisions interpreting the specific policy language at issue as applied to the facts presented in the Opioid Lawsuits, this does not create a "substantial issue of material importance" out of a mere contract dispute.[24]

6.      Rite Aid's motion for summary judgment required the Court to interpret the unambiguous provisions of the Policy under straightforward legal principles regarding insurance contract interpretation. The Court agrees that the Opioid Lawsuits are numerous and the amount in controversy is large, but that does not convert this matter into an extraordinary one meriting

---

[20] *Id.* 42(b)(i).

[21] *Id.*

[22] *See, e.g., Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499 (Del. 2016) (refusing to grant interlocutory appeal of a Delaware Superior Court decision addressing cross-motions for summary judgment in an insurance coverage dispute turning on issues of contract interpretation); *Robino-Bay Court Plaza, LLC v. W. Willow-Bay Court, LLC*, 941 A.2d 1019 (Del. 2007) (refusing to grant interlocutory appeal when the underlying issue was one of Delaware contract interpretation).

[23] *REJV5 A WH Orlando, LLC v. A WH Orlando Member, LLC*, 2018 WL 1109650, at *3 (Del. Ch. Feb. 28, 2018), *appeal refused*, 182 A.3d 115 (Del. 2018). *See also Steadfast Ins. Co. v. DBI Servs., LLC*, 2019 WL 3337127 (Del. Super. July 25, 2019).

[24] *McKnight v. USAA Cas. Ins. Co.*, 872 A.2d 959 (Del. 2005) (affirming the Delaware Superior Court's refusal to certify an interlocutory appeal because "while the particular exclusion at issue ha[d] not previously been interpreted in Delaware, the trial court applied well-established principles of contract interpretation and thus the case did not involve a matter of first impression.").

4

interlocutory review.[25] The Court must use the same approach for each request for certification and not elevate one over the other because of the amount in controversy.

7.	On the threshold requirement of a substantial issue of material importance, alone, the Court would deny certification of the Application.[26] For completeness, however, the Court will also consider the factors set forth in Rule 42(b)(iii).

8.	The Court must consider all eight factors in Rule 42(b)(iii), but "[a]fter considering these factors and its own assessment of the most efficient and just schedule to resolve the case, [the Court] should identify whether and why the likely benefits ... outweigh the probable costs, such that interlocutory review is in the interests of justice."[27] Here, Chubb argues that three of the eight factors are met and the Court should certify the interlocutory appeal. The Court disagrees but also recognizes the merit in some of Chubb's arguments.

9.	Chubb's strongest argument is under Rule 42(b)(iii)(G). The Court acknowledges that the Opinion resolves a number of issues, especially as to Count II. The Court does not believe that a successful interlocutory appeal on the duty to defend issue as to the Policy would necessarily terminate the litigation in its *entirety*. The Opinion does address a substantial claim asserted by Rite Aid as against Chubb. Moreover, the Opinion could give guidance to the other parties in this civil action. However, the litigation would not end with an interlocutory appeal.

---

[25] The Court's decision is not so novel either. Just prior to the date of the Opinion, the Ohio Court of Common Pleas issued a similar decision applying Ohio's insurance contract law—law that is substantially the same as Pennsylvania and Delaware law. *See Cincinnati Ins. Co. v. Discount Drug Mart, Inc.*, CV-19-913990 (Ohio Ct. Comm. Pl. Sept. 17, 2020).
[26] *See, e.g., Steadfast Ins. Co. v. DBI Servs. LLC,* 221 A.3d 527 (Del. 2019) (TABLE) (denying interlocutory appeal that involved issues of contract interpretation); *Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499 (Del. 2016) (TABLE) (denying interlocutory appeal upon noting the "dispute turn[s] on issues of contract interpretation"); *Robino–Bay Court Plaza, LLC v. West Willow–Bay Court, LLC*, 941 A.2d 1019 (Del. 2007) (TABLE) (declining to grant interlocutory appeal of this court's construction of the operative contract); *McKnight v. USAA Cas. Ins. Co.*, 872 A.2d 959 (Del. 2005) (TABLE) (declining interlocutory appeal where "the trial court applied well-established principles of contract interpretation and thus the case did not involve a matter of first impression").
[27] Del. Supr. Ct. R. 42(b)(iii).

Certain Excess Insurer Defendants requested that any rulings on Rite Aid's motion for summary judgment be narrowly and explicitly tailored to address only those matters at issue in that motion. As part of the Opinion, the Court stated:

> [i]n regard to the Responses from the Great American Defendants and the Certain Excess Insurers Defendants, this is not a ruling on their obligations under their respective policies, but the Court is not limiting any of the implications of this decision.[28]

So, despite the Opinion, this civil action will continue as to Counts I, II (as to other insurers), III and IV.

10.    The Opinion does not involve a question of law resolved for the first time in this State. Moreover, the Opinion does not involve a question of law resolved for the first time in Ohio or Pennsylvania. The Court agrees that this civil action involves interesting and complex facts, but the law that the Court applied involves insurance contract principles applied in almost every insurance coverage dispute.[29] Just because there are no Delaware and Pennsylvania cases addressing this specific factual situation does not mean that the Opinion involves questions of law resolved for the first time in Delaware.[30]

11.    Chubb asserts that review of the Opinion may serve considerations of justice. Here, Chubb contends that the "stakes alone satisfy [Rule 42(b)(iii)(H)]." The Court is not persuaded that the amount in controversy satisfies the "considerations of justice" standard. The

---

[28] *Rite Aid Corp.*, 2020 WL 5640817, at *21.

[29] *Id.*, at *11-12. *See also Bliss Sequoia Ins. v. Allied Property & Cas. Ins.*, 2020 WL 5893414, at * 3 (D. Ore. Oct. 5, 2020)(in discussing the Opinion, "Bliss Sequoia argues that its situation is analogous to that of plaintiffs in a string of opioid cases where courts have found a duty to defend. [citation omitted]. However, these opioid cases do not turn on an expansive reading of the phrase 'because of,' as Bliss Sequoia asserts, but rather on a common sense understanding of interrelated events.").

[30] *See Alcoa World Alumina LLC v. Glencore Ltd.*, 2016 WL 3659424, at *2 (Del. Super. March 10, 2016)("Even though the Court could not find another Delaware decision with the same fact pattern, the Court applied already accepted rules of law to the facts.").

6

Court considers each issue before it despite the dollar amount owed. Rite Aid has as much to complain about with respect to cost as do the insurance companies.

12. Chubb relies, in part, on the Court's order in *Green v. GEICO General Insurance Company*.[31] The Court notes that *Green* involved both a novel legal issue and considerations of justice. Here, Chubb's argument under Rule 42(b)(iii)(H) is really the same argument as under Rule 42(b)(iii)(G)—that an interlocutory appeal may terminate the litigation, could avoid costs involved in litigation and subsequent appeals, and may somehow be used in the Opioid Lawsuits.

13. The Opinion does not have an impact on the Opioid Lawsuits. The Opinion only addresses the Policy and duty to defend issues. Rite Aid is contesting those actions. The Opinion does not address any legal issues in those tort actions. The Opinion only addresses who may pay the cost of defending the litigation there.

14. Nor does the Court believe that certification would promote the most efficient and just schedule to resolve this case. Even if an interlocutory appeal may terminate this litigation as to Chubb and Count II, the Court does not find that these three (of eight) factors warrant granting Chubb's certification request when considering the totality of the circumstances. "Interlocutory appeals should be exceptional, not routine, because they disrupt the normal procession of litigation, cause delay, and can threaten to exhaust scarce party and judicial resources."[32] This case is not exceptional despite the amount in controversy. The Court notes that other procedural devices—like Civil Rule 55(b)—might be more appropriate than having the Court certify interlocutory appeals after it grants summary judgment on a discreet count of a complaint.

15. For the reasons set forth above, the Court does not believe that the likely benefits of interlocutory review outweigh the probable costs, such that interlocutory review is in the

---

[31] 2019 WL 4643937, at *2-3 (Del. Super. Sept. 23, 2019).
[32] Del. Supr. Ct. R. 42(b)(ii).

interests of justice.  The Court does find that its decision here is very close, uncertain.  The Opinion does handle a discrete issue of this litigation but will not necessarily terminate this litigation entirely.  The issue is complex but does not involve novel legal principles applied for the first time in Delaware.  "If the balance [of these considerations] is uncertain, the [Court] should refuse to certify the interlocutory appeal."[33]  Accordingly, the Court finds that Chubb has not met Rule 42's strict standards for certification.

## CONCLUSION

**IT IS HEREBY ORDERED** that certification to the Supreme Court of the State of Delaware for disposition in accordance with Rule 42 is **REFUSED.**

Dated:  October 13, 2020
Wilmington, Delaware

*/s/ Eric M. Davis*
Eric M. Davis, Judge

---

[33] Del. Supr. Ct. R. 42(b)(iii).